The Honorable Allen Kerr State Representative
1429 Merrill Drive Little Rock, Arkansas 72211-1819
Dear Representative Kerr:
You have asked for my opinion on several questions concerning the relationship between the Methods of Execution Act (codified at A.C.A. § 5-4-617) and the Arkansas Freedom of Information Act (codified at A.C.A. §§ 25-19-101 et seq.). Specifically, you ask five questions:
 1. Does A.C.A. § 5-4-617 exemption from disclosure Department of Correction letters, memos, e-mails, and other correspondence related to the purchase of drugs used in executions?
 2. Does A.C.A. § 5-4-617 exemption from disclosure Department of Correction receipts, shipping records, check register entries, canceled checks, and bank statements related to the purchase of drugs used in executions?
 3. Does A.C.A. § 5-4-617 exemption from disclosure Department of Correction correspondence between employees of the department and companies that manufacture or sell drugs used in executions?
 4. Does A.C.A. § 5-4-617 exemption from disclosure Department of Correction correspondence between employees of the department and employees of departments of correction in other states regarding the purchase of drugs used in executions and/or the procedures for importing lethal injection drugs from other countries? *Page 2 
 5. Does A.C.A. § 5-4-617 exemption from disclosure Department of Correction correspondence with the Food and Drug Administration or other federal agencies regarding purchases of drugs used in executions or the importation of such drugs?
RESPONSE
I must respectfully decline to provide an opinion on your questions because this matter is currently being litigated in state and federal court: Jones v. Hobbs, CV-2010-1118 (Pulaski County Circuit, 6th Div.); and Jones v.Hobbs, No. 10-2899 (8th Cir.), which has been consolidated withWilliams v. Hobbs, No. 10-1573 (8th Cir.).
To avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are likely to be the subject of pending litigation. Any opinion issued from my office would constitute executive comment on matters that are properly decided by a judicial body.[1]
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] E.g., Op. Att'y Gen. 2009-112 (and opinions cited therein).